UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WANDA ATTERBERRY,　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
COOK COUNTY DEPARTMENT OF　　　　　)
CORRECTIONS, CALLIE L. BAIRD, Executive　)
Director, and MICHAEL F. SHEAHAN, Cook　)
County Sheriff,　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　　　)

JUDGE ZAGEL

# 04C 3340

MAGISTRATE JUDGE NOLAN
Jury Trial Demanded

## COMPLAINT

Comes Now Plaintiff, WANDA ATTERBERRY, by and through her attorneys, and

complaining of Defendants, COOK COUNTY DEPARTMENT OF CORRECTIONS, CALLIE

L. BAIRD, Executive Director, and MICHAEL F. SHEAHAN, Cook County Sheriff,

respectfully submits the following:

## JURISDICTION

1.　　　　Jurisdiction is based upon 28 U.S.C. §1331, 28 U.S.C. §1343, the Americans

With Disabilities Act, 42 U.S.C. § 12101 et seq.,

2.　　　　Plaintiff has complied with all administrative prerequisites by filing timely

charges of discrimination and retaliation with the Equal Employment Opportunity Commission

("EEOC"), attached hereto as Exhibits A and C; the EEOC has issued to Plaintiff a Notice of

Right to Sue for each charge, which are attached hereto as Exhibits B and D.

## VENUE

3.　　　　This action properly lies in this district pursuant to 28 U.S.C. §1391 because the

events giving rise to this claim occurred in this judicial district.

## PARTIES

4.      Plaintiff, WANDA ATTERBERRY ("Plaintiff"), is resident of the State of Illinois, was a Cook County Sheriff's deputy and works at the Cook County Department of Corrections at its location in Chicago, Illinois.

5.      Defendant, COOK COUNTY DEPARTMENT OF CORRECTIONS ("Defendant" or "CCDC"), is a county entity that employed more than twenty (20) employees and was engaged in an industry affecting commerce, thereby rendering Defendant an employer under the Americans With Disabilities Act; Defendant CALLIE L. BAIRD is the Executive Director of the CCDC and Defendant MICHAEL F. SHEAHAN is the Sheriff of Cook County.

## FACTUAL ALLEGATIONS

6.      Plaintiff was hired by Defendant on December 4, 1995, as a Correctional Officer.

7.      Plaintiff suffers from disabling conditions that have left her with certain physical restrictions including: requiring a sedentary position, no ladder climbing, no kneeling, no crawling, no squatting, no running, and no prolonged standing.

8.      Defendant was aware of Plaintiff condition and of her record of having the condition.

9.      On or about December 22, 2002, Plaintiff was injured at work and was off on leave until her doctor released her to work in October 2003.

10.      On or about October 16, 2003, Plaintiff reported to Defendant as ready and willing to work.

11,      Plaintiff was required to see Defendant's doctor before being cleared to work and on or about October 16, 2003, Dr. Toan Leung of the Cook County Department of Human

Resources Medical Division examined Plaintiff and released her for work beginning October 17, 2003.

12. Dr. Leung's release included several restrictions including: sedentary position, no ladder climbing, no kneeling, no crawling, no squatting, no running, and no driving commercial vehicles.

13. Plaintiff was then instructed, before beginning to work, to report to the Personnel Department, which Plaintiff did on October 17, 2003.

14. Upon reporting to the Personnel Department, Plaintiff was told by the Director of Personnel, Rosemarie Nolan, that Plaintiff would not be returned to work because she had restrictions and that she could not work and would not be allowed to work until all restrictions were removed.

15. The Director of Personnel did not conduct any inquiry or examination into the particulars of Plaintiff's job duties nor did she conduct any review of Plaintiff's individual restrictions to determine if any positions were available that Plaintiff could do with her restrictions.

16. On or about October 31, 2003, Plaintiff returned to the Director of Personnel and insisted that she was entitled to work under the Americans with Disabilities Act and requested that she be returned to work.

17. In that meeting, the Director of Personnel intentionally lied to Plaintiff in an effort to get her to drop her request by telling Plaintiff that she had no rights under the ADA and that the ADA did not apply to Cook County employees.

18. On or about November 3, 2003, Plaintiff submitted a formal written request to the Director of Personnel for work accommodations and the opportunity to return to work.

3

19.     As of November 19, 2003, Plaintiff had not received a response from the Director of Personnel and was repeatedly refused an opportunity to meet and speak with the Director.

20.     Plaintiff then filed a Charge of Discrimination with the EEOC on November 19, 2003, claiming disability discrimination; see Exhibit A.

21.     On or about December 11, 2003, Plaintiff was then contacted by the Personnel Department and instructed to return to Defendant's doctor for another evaluation.

22.     Plaintiff reported as instructed and on December 11, 2003, after conducting a fitness for duty evaluation, Dr. Linda Lee determined that Plaintiff could return to work with the following restrictions: "sedentary position, no ladder climbing, no kneeling, no crawling, no squatting, no running, no prolonged standing. As per the American Disabilities Act."

23.     On December 11, 2003, Plaintiff again reported to the Director of Personnel who again refused to return Plaintiff to work despite the doctor's release.

24.     Plaintiff informed her union about the refusal to return her to work and on or about December 22, 2003, Plaintiff was called for a meeting with her union representative, the union attorney and the Director of Personnel, Ms. Nolan.

25.     At the conclusion of the meeting, Ms. Nolan signed a release for duty authorization and Plaintiff reported for work and in fact worked a scheduled shift that evening, December 22, 2003 and continued to report to work regularly and perform assignments as instructed thereafter.

26.     During the course of her employment with Defendant, Plaintiff fully performed the duties assigned to her in a competent and satisfactory manner and was fully able to perform the essential functions of her job with reasonable accommodation.

4

27.     On December 29, 2003, Plaintiff was then called in to the Internal Affairs Division was stripped of her credentials and was de-deputized.

28.     Defendant claimed that Plaintiff was de-deputized for being off on a work related injury in excess of six months.

29.      Defendant gave no explanation as to why this was not done after the first six months of her leave rather than two months after she had been released to return to work and a week after she had been allowed to continued her duties at the jail.

30.     Defendant also claimed that Plaintiff was being de-deputized for failing a mandatory drug screen even though Plaintiff was taking the medication under a doctor's prescription for her disability and even though she had submitted a pre-screen affidavit listing the item.

31.     When Defendant failed to correct the situation, Plaintiff filed another Charge of Discrimination, for retaliation, with the EEOC on January 6, 2004; see Exhibit C.

32.     Thereafter, on or about March 26, 2004, Defendant prepared a formal Disciplinary Action Form against Plaintiff, recommending 29 days off without pay, for inadvertently having a cell phone on duty, an incident which had occurred approximately 16 months earlier.

33.     Plaintiff continues to be employed by Defendant but is working without her credentials and is not deputized, which has resulted in a loss of seniority, detrimentally effected her ability to get preferential assignments and shifts and which adversely effects her ability for career advancement and promotions.

34.     By the acts and conduct described above, Defendant intended to cause and did cause Plaintiff emotional distress, or acted in reckless disregard that their actions would cause Plaintiff such injury.

35.     Plaintiff suffered emotional distress as a direct and proximate result of Defendant's conduct.

36.     Plaintiff has lost wages and other benefits, has suffered embarrassment and humiliation, has suffered loss of enjoyment of life, inconvenience and non-pecuniary losses and her career has been damaged as a result of Defendant's conduct.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE
## AMERICANS WITH DISABILTIES ACT

37.     Plaintiff re-alleges paragraphs 1 through 36 and incorporates them as if fully set forth herein.

38.     Title I of the Americans With Disabilities Act makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

39.     By its conduct as alleged herein, Defendant discriminated against Plaintiff in violation of the ADA.

40.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

41.     Plaintiff demands to exercise her right to a jury trial of this matter.

6

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT

42.     Plaintiff re-alleges paragraphs 1 through 36 and incorporates them as if fully set forth herein.

43.     Title I of the Americans With Disabilities Act makes it unlawful for an employer to fail to accommodate and employee's disability.

44.     By its conduct as alleged herein, Defendant failed to accommodate Plaintiff's disability by refusing to return her to work between October 17, 2003 and December 22, 2003.

45.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

46.     Plaintiff demands to exercise her right to a jury trial of this matter.

## COUNT III
## RETALIATION IN VIOLATION OF THE
## AMERICANS WITH DISABILTIES ACT

47.     Plaintiff re-alleges paragraphs 1 through 36 and incorporates them as if fully set forth herein.

48.     Title I of the Americans With Disabilities Act, specifically 42 U.S.C. §12203 makes it unlawful for an employer to retaliate against any employee who has opposed and unlawful employment practice.

49.     By its conduct as alleged herein, Defendant retaliated against Plaintiff for asserting her rights under the ADA.

50.     Defendant's actions toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

51.     Plaintiff demands to exercise her right to a jury trial of this matter.

7

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Counts I, II and III and that it:

a.       Declare that Defendant's conduct constitutes unlawful discrimination in violation of the Americans With Disabilities Act;

b.       Declare that Defendant's conduct constitutes unlawful failure to accommodate in violation of the Americans With Disabilities Act;

c.       Declare that Defendant's conduct constitutes unlawful retaliation in violation of the Americans With Disabilities Act;

d.       Award Plaintiff the value of all compensation lost and benefits lost as a result of Defendant's unlawful conduct;

e.       Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

f.       Award Plaintiff damages for emotional distress and compensatory damages;

g.       Award Plaintiff punitive damages;

h.       Award Plaintiff reasonable attorney's fees, costs and disbursements; and

i.       Award Plaintiff any and all other relief as the Court deems just in the premises.

Respectfully submitted,

Counsel for Plaintiff

M. Megan O'Malley
John P. Madden
O'Malley & Madden, P.C.
542 S. Dearborn Street
Suite 660
Chicago, Illinois  60605
312.697.1382

8

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2004-01037 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Wanda Atterberry** | **(773) 454-2575** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **7954 S. Vernon, Chicago, IL 60619** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **COOK COUNTY DEPT OF CORRECTIONS** | **500 or More** | **(773) 869-7100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2800 S. Sacramento Ave., Chicago, IL 60608** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-17-2003** Latest **11-19-2003**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have been employed with the Respondent since December 4, 1995 as a Correctional Officer. Respondent is aware of my disability. From December 22, 2002 until October 17, 2003, I was on worker's compensation leave. On October 17, 2003, I was released to return to work with restrictions. I provided the restrictions to the Director of Personnel but was denied a reasonable accommodation.

I believe that I have been discriminated against on the basis of my disability in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
NOV 19 2003
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Nov 19, 2003<br>Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

PLAINTIFF'S EXHIBIT
A

Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

To: CERTIFIED MAIL NO.: 7099-3400-0014-4047-8084 C/P      From:

            Wanda Atterberry                                   Equal Employment Opportunity Commission
            7954 South Vernon                                   Chicago District Office
            Chicago, Illinois   60619                      500 West Madison Street, Suite 2800
                                                          Chicago, Illinois 60661-2511

[   ]    *On behalf of a person aggrieved whose identity is*
         *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-01037 | Ms. Patricia Jaramillo, Enforcement Supervisor | (312) 886-3576 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[   ]    The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[   ]    Respondent employs less than the required number of employees.

[   ]    Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[   ]    You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[   ]    The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[   ]    The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ x ]    The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[   ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -

[ x ]    **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[   ]    **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[   ]    **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

_February 11, 2004_                                      *John P. Rowe*
                                                  John P. Rowe, District Director

Enclosures
    Information Sheet
    Copy of Charge
cc:  Respondent(s)        Cook County Department of Corrections



PLAINTIFF'S
EXHIBIT
B

EEOC Form 161 (Test 5/95)

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 210-2004-01962 |

Illinois Department Of Human Rights _____ and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Wanda Atterberry | (773) 783-6207 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 7954 S. Vernon, Chicago, IL 60619 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COOK COUNTY CORRECTIONS | 500 or More | (312) 890-6843 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2600 S California, Chicago, IL 60608 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 12-29-2003 | 01-06-2004 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by the Respondent on December 4, 1995, as a Correctional Officer. On November 19, 2003, I filed EEOC Charge #210-2004-01037. On December 29, 2003, I was de-deputized.

II. I believe I have been retaliated against in violation of the American with Disabilities Act of 1990.

RECEIVED EEOC

JAN 6 2004

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

| NOTARY – When necessary for State and Local Agency Requirements |
|---|
| I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| SIGNATURE OF COMPLAINANT |

| Jan 06, 2004 | | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
|---|---|---|
| Date | Charging Party Signature | (month, day, year) |

PLAINTIFF'S EXHIBIT

**Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

To: CERTIFIED MAIL NO.: 7099-3400-0014-4047-8084 C/P    From:

    Wanda Atterberry
    7954 South Vernon
    Chicago, Illinois  60619

    Equal Employment Opportunity Commission
    Chicago District Office
    500 West Madison Street, Suite 2800
    Chicago, Illinois 60661-2511

[    ]    *On behalf of a person aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-01962 | Ms. Patricia Jaramillo, Enforcement Supervisor | (312) 886-3576 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[    ]    The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[    ]    Respondent employs less than the required number of employees.

[    ]    Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[    ]    You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[    ]    The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[    ]    The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ x ]    The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[    ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -

[ x ]    **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[    ]    **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[    ]    **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

*February 11, 2004*

*John P. Rowe*
John P. Rowe, District Director

Enclosures
    Information Sheet
    Copy of Charge
cc: Respondent(s)    Cook County Department of Corrections



EEOC Form 161 (Test 5/95)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in
September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The
information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required
by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): Wanda Atterberry**

County of Residence:

Plaintiff's Atty:  John P. Madden
O'Malley & Madden, P.C.
542 S. Dearborn Street, Suite
660, Chicago, IL 60605
312-697-1382

**Defendant(s):Cook County Department of
Corrections et al.**

County of Residence:

Defendant's Atty:     **JUDGE ZAGEL**

# 04C 3340

II. Basis of Jurisdiction:      **3. Federal Question (U.S. not a party)**

**MAGISTRATE JUDGE NOLAN**

III. Citizenship of Principal
Parties (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**DOCKETED**
MAY 1 2 2004

IV. Origin :          **1. Original Proceeding**

V. Nature of Suit:    **442 Employment**

VI.Cause of Action:   **Discrimination based on disability and retaliation, 42 U.S.C. 12101
et seq.**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date:

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.
Once correct, print this form, sign and date it and submit it with your new civil action. Note: **You may need to adjust the font size**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

In the Matter of

Wanda Atterberry
v.
Cook County Department of Corrections et al.

**JUDGE ZAGEL**

Case Number: **04C 3340**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff

**MAGISTRATE JUDGE NOLAN**

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME M. Megan O'Malley | | NAME John P. Madden | |
| FIRM O'Malley & Madden, P.C. | | FIRM O'Malley & Madden, P.C. | |
| STREET ADDRESS 542 S. Dearborn Street, Suite 660 | | STREET ADDRESS 542 S. Dearborn Street, Suite 660 | |
| CITY/STATE/ZIP Chicago, Illinois 60605 | | CITY/STATE/ZIP Chicago, Illinois 60605 | |
| TELEPHONE NUMBER 312.697.1382 | FAX NUMBER 312.697.1384 | TELEPHONE NUMBER 312.697.1382 | FAX NUMBER 312.697.1384 |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6243598 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6243400 | |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☑ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | | MEMBER OF TRIAL BAR? YES ☐ NO ☑ | |
| TRIAL ATTORNEY? YES ☐ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☑ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

DOCKETED MAY 12 2004

U.S. DISTRICT COURT CLERK 04 MAY -1 PH 3: 25 FILED-FED